UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

MIRASOL CLUB & ASSOCIATION, INC.,
a Florida corporation,

    Plaintiff,

v.

REALTY ELITE INTERNATIONAL
CORPORATION, a Florida corporation,

    Defendant.
_____/

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN,
TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION**

Plaintiff, MIRASOL CLUB & ASSOCIATION, INC. ("Mirasol") sues Defendant, REALTY ELITE INTERNATIONAL CORPORATION ("Realty Elite"), for False Designation of Origin under the Lanham Act, trademark infringement under the Florida Registration and Protection of Trademarks Act, and common-law unfair competition, and complains as follows:

**JURISDICTION AND VENUE**

1. This is an action for False Designation of Origin under the Lanham Act, 15 U.S.C. § 1125(a), trademark infringement under the Florida Registration and Protection of Trademarks Act, Fla. Stat. § 495.001, et seq., and common-law unfair competition pursuant to Fla. Stat. § 2.01.

2. This court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1338(a & b) and 28 U.S.C. § 1367(a).

3. This court has personal jurisdiction over Realty Elite pursuant to Fla. Stat. § 48.193(1)(a) and (2). Realty Elite conducts business as "Realty Elite the Palm Beaches" and has

1

an office in the Southern District of Florida. Further, Realty Elite has conducted its unauthorized use of a trademark confusingly similar to Mirasol's trademark and other acts of unfair competition in connection with its realty services throughout this District.

4. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b-d), because Realty Elite is subject to personal jurisdiction in this District and has committed acts of false designation of origin, trademark infringement and unfair competition in this District, and because as substantial part of the events giving rise to this claim for False Designation of Origin, trademark infringement and unfair competition occurred within this District.

## THE PARTIES

5. Plaintiff Mirasol is a Florida corporation having its principal place of business at 11600 Mirasol Way, Palm Beach Gardens, Florida. Mirasol conducts and/or manages all facets of the development and operation of the Mirasol residential community located in Palm Beach Gardens including, without limitation, providing real estate services in connection with the sale or leasing of real estate located within the community.

6. Defendant Realty Elite is a Florida corporation having its principal place of business at 9144 Forest Hill Boulevard, Wellington, Florida. Realty Elite is in the business of providing real estate services in connection with the sale or leasing of real estate throughout South Florida.

## BACKGROUND

7. Mirasol is the owner of all right, title and interest in and to the trademark "Mirasol", which has been used since 1995 in connection with all facets of the development and operation of the "Mirasol" residential community located in Palm Beach Gardens including,

2

without limitation, providing real estate services in connection with the sale and leasing of real estate located within the community.

8. The "Mirasol" trademark has been used in both interstate and intrastate commerce since 1995. Mirasol has spent and continues to spend substantial money and effort promoting and advertising its mark and services rendered thereunder. As a result of such advertising and the reputation of Mirasol's services, the mark has obtained substantial goodwill among consumers. The mark has come to be recognized as indicative of a high-end, upscale residential and golfing community situated between the "PGA Boulevard" exits of Florida's Turnpike and the Bee Line Highway in Palm Beach Gardens. A significant portion of residents of the Mirasol community are "snowbirds" from out of state, and the Country Club at Mirasol has hosted the Honda Classic golf tournament on multiple occasions.

9. In addition to acquiring federal trademark rights through its longstanding use of the "Mirasol" mark for, *inter alia*, real estate services in interstate commerce, Mirasol is the owner of Florida Trademark Registrations for the mark in connection with real estate services. Mirasol is the owner of Florida Trademark Registration No. T10000000845 for "Mirasol" ("the Florida '845 Registration"), as well as Florida Trademark Registration No. T10000000847 for "Mirasol & Design of the Word 'Mirasol' with Nine Small Triangles Arched above the Word extending from the Letter 'i' to the Letter 's'" ("the Florida '847 Registration"), in connection with real estate services, advertising and construction. Copies of the Florida '845 and '847 Registrations are attached as Exhibits "A" and "B" hereto.

10. Mirasol is also the owner of Florida Trademark Registrations with respect to amenities, entertainment, golf, tennis, fitness, recreation and food services. These Florida Registrations include Registration No. T10000000846 for "Mirasol" and Registration No.

T10000000848 for "Mirasol & Design of the Word 'Mirasol' with Nine Small Triangles Arched above the Word extending from the Letter 'i' to the Letter 's'" for such services.

11. Mirasol has granted a license to its wholly owned subsidiary Mirasol Realty, LLC to use the "Mirasol" trademark for real estate services for homes within the Mirasol community. No other licenses, sublicenses or authorizations have been granted to use the mark for real estate services.

12. Upon information and belief, Realty Elite is the owner of the internet domain mirasolluxuryhomes.com. It uses the website located at this domain to promote its real estate services in connection with homes located throughout Palm Beach County, Florida. The site not only allows the user to search for properties located within the Mirasol community, but also in other communities throughout the area. Screen shots of the site are attached as Composite Exhibit "C" hereto.

13. The mirasolluxuryhomes.com website also includes references to Mirasol's aforementioned licensee, Mirasol Realty, LLC, notwithstanding the fact that there is no relation or affiliation with Realty Elite. The site has further included varying amounts of text directly copied from Mirasol's website, mirasolcc.com.

14. Realty Elite also owns the internet domain realtyeliteusa.com. Upon information and belief, Realty Elite has continuously used the website located at this domain to promote its real estate services in connection with homes located throughout Palm Beach County. As shown in the screen shots attached as Composite Exhibit "D" hereto, users can search for properties located within the Mirasol community, as well as properties located in other communities, on this website.

15. Mirasol has sent multiple letters to Realty Elite, demanding that Realty Elite cease using the mirasolluxuryhomes.com domain and copying text from Mirasol's website. Such correspondence was originally sent to the attention of Realty Elite's President and CEO, David Lopez. Subsequently, on March 10, 2014 ownership of the domain was updated to reflect Mike Thomas, also of Realty Elite, as the registrant. Mirasol thereafter sent new demand letters to Mr. Thomas's attention on August 12, 2014 and August 14, 2015, but has never received a response despite having confirmation of delivery. Copies of these letters are attached as Composite Exhibit "E" hereto.

16. Realty Elite has no need to use an internet domain incorporating Mirasol's trademark, or otherwise use Mirasol's trademark in a manner likely to cause confusion, mistake or deception as to Realty Elite's affiliation, connection or association with Mirasol, or as to the origin, sponsorship or approval of Realty Elite's products, services or commercial activities, in rendering its real estate services in connection with properties located within the Mirasol community, yet willfully continues to do so in derogation of Mirasol's rights.

17. Realty Elite's acts of false designation of origin, trademark infringement and unfair competition complained of herein have damaged Mirasol, in an amount the full extent of which is not yet ascertained.

18. Mirasol has no adequate remedy at law against Realty Elite's acts of false designation of origin, trademark infringement and unfair competition complained of herein, and will continue to suffer irreparable harm unless Realty Elite is enjoined by this Court from further acts of infringement.

19. Realty Elite's acts of false designation of origin, trademark infringement and unfair competition complained of herein have been willful, warranting the assessment of

increased damages and/or the award of reasonable attorney fees pursuant to 15 U.S.C. § 1117, Fla. Stat. § 495.141 and the Court's applicable discretion.

## COUNT I
## FALSE DESIGNATION OF ORIGIN

20. This Count alleges false designation of origin against Realty Elite, pursuant to 15 U.S.C. § 1125(a). Mirasol repeats and realleges Paragraphs 1-19 above.

21. Since prior to the actions of Realty Elite alleged herein, Mirasol has established trademark rights in its "Mirasol" mark, and variations thereof, as a result of its adoption and continuous use thereof in interstate commerce.

22. Realty Elite's use of the mirasolluxuryhomes.com internet domain in connection with real estate services is likely to cause confusion, mistake or deception as to Realty Elite's affiliation, connection or association with Mirasol, or as to the origin, sponsorship or approval of its products, services or commercial activities.

23. Realty Elite's unauthorized use of the "Mirasol" mark constitutes a false designation of origin in violation of 15 U.S.C. § 1125(a).

24. As a result of Realty Elite's marketing of real estate services bearing a false designation of origin, Mirasol has suffered damages in an amount to be determined at trial.

25. As a result of Realty Elite's marketing of real estate services bearing a false designation of origin, Mirasol has suffered irreparable injury to its business, reputation and goodwill. Mirasol will continue to suffer irreparable injury unless Realty Elite's misconduct is enjoined by the Court.

## COUNT II
## TRADEMARK INFRINGEMENT - FLORIDA LAW

26. This Count alleges trademark infringement against Realty Elite, pursuant to Fla. Stat. § 495.131. Mirasol repeats and realleges Paragraphs 1-19 above.

27. Since prior to the actions of Realty Elite alleged herein, Mirasol has established trademark rights and obtained the Florida '845 and '847 Registrations for its "Mirasol" mark, and variations thereof, as a result of its adoption and continuous use thereof in the State of Florida.

28. Realty Elite's use of the mirasolluxuryhomes.com internet domain in connection with real estate services is likely to cause confusion, mistake or deception as to Realty Elite's affiliation, connection or association with Mirasol, or as to the origin, sponsorship or approval of its products, services or commercial activities.

29. Realty Elite's unauthorized use of the "Mirasol" mark constitutes trademark infringement in violation of Fla. Stat. § 495.131.

30. As a result of Realty Elite's marketing of real estate services bearing an infringing trademark, Mirasol has suffered damages in an amount to be determined at trial.

31. As a result of Realty Elite's marketing of real estate services bearing an infringing trademark, Mirasol has suffered irreparable injury to its business, reputation and goodwill. Mirasol will continue to suffer irreparable injury unless Realty Elite's misconduct is enjoined by the Court.

## COUNT III
## UNFAIR COMPETITION – FLORIDA LAW

32. This Count alleges unfair competition against Realty Elite under the common law of Florida, pursuant to Fla. Stat. § 2.01. Mirasol repeats and realleges Paragraphs 1-19 above.

33. Mirasol is in direct competition with Realty Elite in connection with real estate services by virtue of, *inter alia*, having granted a license to its wholly owned subsidiary Mirasol Realty, LLC, as referenced in Paragraph 11 above.

34. Realty Elite's conduct described herein constitutes Unfair Competition under Florida law.

35. As a result of Realty Elite's acts of unfair competition, Mirasol has suffered damages in an amount to be determined at trial.

36. As a result of Realty Elite's acts of unfair competition, Mirasol has suffered irreparable injury to its business, reputation and goodwill. Mirasol will continue to suffer irreparable injury unless Realty Elite's misconduct is enjoined by the Court.

## **DEMAND FOR JURY TRIAL**

Mirasol requests that all issues in this case be tried to a jury.

WHEREFORE, Mirasol prays that this Court:

A. Enter judgment against Realty Elite for false designation of origin under the Lanham Act via Realty Elite's use of the MIRASOLLUXURYHOMES.COM domain and permanently enjoin Realty Elite, its principals, officers, directors, agents, employees, subsidiaries, affiliates and all others in active concert and participation with it, individually and collectively, from (a) using in any manner the "MIRASOL" mark or any other mark that is confusingly similar thereto; and (b) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Mirasol and Realty Elite or between the parties' respective products, services or commercial activities;

B. Enter judgment against Realty Elite for trademark infringement under the Florida Registration and Protection of Trademarks Act via Realty Elite's use of the

MIRASOLLUXURYHOMES.COM domain and permanently enjoin Realty Elite, its principals, officers, directors, agents, employees, subsidiaries, affiliates and all others in active concert and participation with it, individually and collectively, from (a) using in any manner the "MIRASOL" mark or any other mark that is confusingly similar thereto; and (b) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Mirasol and Realty Elite or between the parties' respective products, services or commercial activities;

      C.    Enter judgment against Realty Elite for common-law unfair competition under Florida common law via Realty Elite's use of the MIRASOLLUXURYHOMES.COM domain and permanently enjoin Realty Elite, its principals, officers, directors, agents, employees, subsidiaries, affiliates and all others in active concert and participation with it, individually and collectively, from (a) using in any manner the "MIRASOL" mark or any other mark that is confusingly similar thereto; and (b) doing any act or thing likely to confuse or to deceive consumers into believing that there is some connection between Mirasol and Realty Elite or between the parties' respective products, services or commercial activities;

      D.    Enter judgment that Realty Elite account for and disgorge to Mirasol all of the profits realized by Realty Elite, or other persons or entities acting in concert or participating with Realty Elite, resulting from Realty Elite's acts of false designation of origin and trademark infringement;

      E.    Enter judgment for Mirasol to receive an accounting for damages arising from Realty Elite's acts of false designation of origin, trademark infringement and unfair competition;

      F.    Enter judgment against Realty Elite for Mirasol's damages arising from Realty Elite's acts of false designation of origin, trademark infringement and unfair competition;

G. Enter judgment ordering Realty Elite, pursuant to 15 U.S.C. § 1118 and/or Fla. Stat. § 495.141, to deliver up for destruction all items bearing any trademark that is confusingly similar to the "MIRASOL" mark;

H. Enter judgment ordering Realty Elite, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon Mirasol within thirty (30) days after entry of the injunction, a report in writing under oath setting forth in detail the manner and form in which Realty Elite has complied with the injunction;

I. Enter judgment that Realty Elite's acts of false designation of origin and trademark infringement were willful, awarding Mirasol treble damages or profits and an award of attorney fees and the costs of this action, pursuant to 15 U.S.C. § 1117(a) and/or Fla. Stat. § 495.141; and

J. Enter judgment granting Mirasol such other relief as this Court deems appropriate.

Dated: September 3, 2015

Respectfully submitted,

s/ Brian M. Taillon
Edward F. McHale (Florida Bar No. 190300)
Brian M. Taillon (Florida Bar No. 678635)
Kenneth W. Cohen (Florida Bar No. 030185)
Andrew D. Lockton (Florida Bar No. 115519)
McHALE & SLAVIN, P.A.
2855 PGA Boulevard
Palm Beach Gardens, Florida 33410
Telephone:   (561) 625-6575
Facsimile:   (561) 625-6572
E-mail:   litigation@mchaleslavin.com

*Attorneys for Plaintiff*